PATTERSON, Judge.
Appellant William Belcher, Jr. was convicted of manslaughter in the shooting death of his brother-in-law. He was sentenced to ten years’ imprisonment.
' The facts as they are revealed by the State’s case show that on February 2, 1982, Belcher went to the home of his father-in-law, George Whatley, Sr., who was in the hospital at the time of appellant’s visit. The other individuals present in the house included George Whatley, Jr., Mary What-ley, Douglas Whatley, Roxanne Whatley Belcher, appellant’s estranged wife, and Wheatie Faye Shelby, all relatives of the deceased.
When the deceased, Alfred Whatley, arrived at the house, he requested that he be given the rifle of William Belcher, Sr. When asked what he planned to do with the rifle, he said he was going hunting. He then asked for a pistol, and Mary Whatley told him that there was no pistol in the house. When George Whatley, Jr. asked the deceased what he was going to do with the pistol, Alfred Whatley threatened to shoot him, and the two men “got to tussling”.
The argument was broken up by their sister, Mary Whatley. Mary then said she was going to leave, and Alfred told her to “get the hell on”. The appellant then stated to the deceased, “I guess you [sic] talking to me, too.” Alfred replied, “Yes”, at which time the appellant responded by calling the deceased a “bad motherfucker from California”. Belcher then pulled a gun from behind and shot Alfred Whatley in the back as the victim turned toward the direction of the kitchen.
The State’s evidence indicated that the deceased did not have a gun at the time the shooting occurred. Appellant contends he acted in self-defense and he stated that he shot the deceased only after he saw Alfred Whatley attempting to remove a pistol from his front pants pocket.
Belcher claims that the court committed reversible error when it refused to allow him to cross-examine a State witness concerning a previous conviction of George Whatley, Sr. for assault with intent to murder. The elder Whatley was in the hospital at the time of the killing. However, appellant maintains that evidence concerning the prior conviction of his father-in-law was relevant to show a possible motive the victim’s family might have in denying that the deceased was carrying a pistol owned by the elder Whatley at the time of the shooting. The possession of a pistol could make George Whatley, Sr. guilty of a felony in light of his prior conviction.
We must first begin by noting that the jury could not have been unaware of the bias present when family members are asked to testify about whether or not another family member is guilty of a wrongdoing. Thus the admission of George Whatley, Sr.’s earlier conviction could at most be said to be cumulative proof of the obvious possibility of bias and prejudice on the part of family members of the deceased.
Further, the transcript reveals that before the closing arguments, the following occurred:
“THE COURT: Correct me if I am wrong. This is a stipulation, Ladies and Gentlemen, and it is introduced as evi *970 dence for your consideration, that in 1974, Mr. George Whatley, Sr., was convicted of assault with intent to murder, in 1974. That’s the father of the deceased. Anything further?
“MR. UPSHAW: No, sir. I wanted to know exactly, was that for substantial purposes or impeachment?
“THE COURT: It’s in evidence.”
We find that since Whatley’s conviction was eventually made part of the evidence before the jury, appellant’s claim is moot. See Smith v. State, 393 So.2d 529 (Ala.Crim.App.1981). Clearly Belcher’s trial attorney was empowered to argue in his closing statement any legitimate inferences, including family bias, that might have resulted from the fact that George Whatley, Sr. had been convicted of assault with intent to murder. See Ala.Digest, Criminal Law, Key No. 720(6), and cases cited therein.
We can find no error on the part of the trial judge injurious to the rights of the appellant, and we must conclude that the decision of the lower court is due to be affirmed.
AFFIRMED.
All Judges concur.